# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00456-CR

**Todd Garrett Wiseman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 10-1370-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Todd Garrett Wiseman was convicted of two counts of aggravated sexual assault of a child and eleven counts of indecency with a child by contact. On appeal, he complains that the trial court's written judgments improperly cumulate the sentences imposed orally during the punishment phase and that the trial court erred in granting the State's motion challenging a potential juror for cause. We affirm the trial court's judgments of conviction.

### Oral Versus Written Sentences

At the conclusion of the sentencing portion of trial, the trial court stated:

Then the jury having found you guilty and assessed punishment on Count One [aggravated sexual assault of a child] of 45 years, you are sentenced to serve 45 years in the Correctional Institutional Division of the Texas Department of Criminal Justice. You will be given credit for time served.

On Count Two [aggravated sexual assault of a child], the jury having assessed punishment at confinement for 37 years, you are sentenced to serve 37 years in the Correctional Institutional Division. That is to run consecutive to the 45-year sentence on Count One.

Then, after enumerating the individual indecency sentences, the court said that those sentences [Counts Three, Four, and Six through Fourteen] "will run concurrently with each other but consecutive to the sentence on Count One and consecutive to the sentence on Count Two."[1]

The written judgment in Count One imposes a forty-five year sentence that is to "run concurrently unless otherwise specified." The written judgment in Count Two imposes a thirty-seven year sentence and states that it shall run consecutive to Count One. The written judgments in Counts Three, Four, and Six through Fourteen state that those sentences, which range from four to nineteen years, shall run concurrent with each other but consecutive to Count Two.

Wiseman points to the trial court's oral pronouncement made after it listed the individual indecency sentences, when it stated that those sentences would run concurrent to each other "but consecutive to the sentence on Count One and consecutive to the sentence on Count Two." Wiseman argues that the oral pronouncement must be read as stating that the indecency convictions should begin after he completes the forty-five year sentence imposed in Count One, the longer of the two sexual assault sentences, not after he completes both the Count One and Count Two sentences. However, Wiseman ignores the trial court's earlier oral statements that Count One and Count Two would run consecutively. When the trial court's entire explanation is considered,

_____

[1] The State abandoned Count Five.

it clearly stated that the indecency sentences would run consecutive to both of the sexual assault sentences, which had already been announced as running consecutive to each other. We overrule Wiseman's first point of error.

## Challenge For Cause

In his second point of error, Wiseman contends that the trial court erred in sustaining one of the State's challenges for cause. When the State asked if there were any venire members who had had "such a bad experience with law enforcement that they don't feel like they could be a fair and unbiased juror," Panelist Number 5 stated, "I had many bad experiences with law enforcement before, just doing nothing but just being harassed for no particular reason at all. I've been taken out of a car at gunpoint for just being in an area. I've had bad experiences like that." The State asked, "Do you think you would be able to set that aside and be a fair and impartial juror? Or do you think those bad experiences would play a factor." The panelist said, "It could." Following voir dire, the State challenged Panelist Number 5 for cause, and Wiseman's attorney said, "I remember him saying he had a bad experience with law enforcement. I don't remember him saying he couldn't be fair." The trial court said, "I have him circled. That's granted."

When we review a trial court's decision on a challenge for cause, we must give the court "considerable deference" in evaluating the panelists' demeanor and responses and should reverse the court's ruling only when we find a clear abuse of discretion. *Blue v. State*, 125 S.W.3d 491, 496-97 (Tex. Crim. App. 2003) (quoting *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)). Further, an erroneous dismissal of a panelist will result in reversal of a conviction if

3

the record shows that he was deprived of a lawfully constituted jury, meaning a jury that was fair and impartial. *Jones v. State*, 982 S.W.2d 386, 393-94 (Tex. Crim. App. 1998).

Wiseman asserts that the trial court applied an incorrect standard because the panelist said only that his prior experiences "could" affect his decision making and was not asked if he could follow the law if instructed to do so. However, even if we were to assume that the trial court abused its discretion in sustaining the State's challenge for cause, Wiseman provides no argument or explanation of how the removal of that panelist somehow deprived him of a lawfully constituted jury. *See id.* We overrule Wiseman's second point of error.

**Conclusion**

We affirm the trial court's judgments of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   July 31, 2013

Do Not Publish

4